# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-18-40-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| JONATHAN ROBERT BLACK, JR., | |
| Defendant. | |

Plaintiff's Unopposed Motion to Vacate Trial and Pretrial Deadlines (Doc. 19), is now before the Court. The Defendant has no objection.

Plaintiff's motion states that on July 12, 2018, the Defendant, Jonathan Robert Black, Jr. (Black) filed a Fitness to Proceed and Comprehensive Evaluation under seal. (Doc. 17). The Court shows that on July 12, 2018 the Plaintiff filed a Fitness to Proceed and Comprehensive Evaluation under seal. (Doc. 17). Upon unopposed motion fo the Plaintiff, the Court issued an order on July 24, 2018, for the Defendant to be sent to a Bureau of Prisons facility for a competency evaluation, (Doc. 18). Because of this factors, a continuance is warranted.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an

"ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id.* §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Black is charged with Assault Resulting in Serious Bodily Injury, Title 18 U.S.C. §§ 1153(a) and 113(a)(6), Assault with a Dangerous Weapon, Title 18 U.S.C. §§ 1153(a) and 113(a)(3), and Use of a Firearm During and in Relation to a Crime of Violence, Title 18 U.S.C. § 924 (c)(1)(A)(i), (iii), The crime allegedly occurred on or about March 3, 2018 at Reserve, within Sheridan County, and in the State and District of Montana and within the boundaries of the Fort Peck Indian Reservation, being Indian Country. If convicted, Black faces a potential life of

imprisonment.

A continuance of the trial is appropriate under 18 U.S.C. §§ 3161(h)(7)(A), (B)(I) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Black and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** the Plaintiff's Unopposed Motion to Vacate Trial and Pretrial Deadlines (Doc. 19) is **GRANTED. IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for August 20, 2018 are **VACATED**.

**All time between the date of this Order and the hearing on Black's competency evaluation, which will be set at a date and time after the Court receives Black's competency evaluation, shall be excluded for purposes of speedy trial**.

DATED this 30th day of July, 2018.

Brian Morris
United States District Court Judge